**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-155-GBW-SRF |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| HAZELHURST VITRANO LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff David Turner ("Plaintiff"), an inmate at the Chesapeake Detention Facility in Baltimore, Maryland, filed this action on February 10, 2026. (D.I. 1) He appears *pro se* and has paid the filing fee. The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, I recommend that the claims be DISMISSED with prejudice.

**I.    BACKGROUND**

The following facts are taken from the complaint and are assumed to be true for purposes of screening the complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff names as defendants the United States of America and Hazelhurst Vitrano LLC, a law firm that served as standby counsel for Plaintiff in his federal criminal case in Maryland. Plaintiff alleges that he was not served with a copy of a motion for extension of time filed by the government in his criminal case, nor was he served with the court's order granting the government's motion to extend. (D.I. 1 at 2) During a status hearing on December 17, 2025, the government represented it served a copy of the motion to extend time on Plaintiff and recited the certified mail delivery confirmation. (*Id.* at 3) Nonetheless, Plaintiff maintains that he did not

receive a copy of the motion to extend time in violation of 18 U.S.C. § 1512, a criminal statute which prohibits tampering with a witness, victim, or informant. (*Id.*)

According to Plaintiff, counsel from Hazelhurst Vitrano LLC also "deliberately sabotage[ed]" his defense by not sending him a copy of the motion to extend and advising him not to speak about the motion during the hearing on December 17, 2025. (*Id.* at 2-3)  Plaintiff asked the judge presiding over his criminal case to strike Hazelhurst Vitrano LLC's standby representation during a hearing on January 16, 2026, and Plaintiff's request was denied. (*Id.* at 3)  The complaint also alleges the following misconduct by Hazelhurst Vitrano LLC: (1) receiving and reviewing discovery on Plaintiff's behalf instead of allowing Plaintiff to review the discovery independently; (2) threatening to recommend that Plaintiff receive the death penalty in violation of 18 U.S.C. § 1623; (3) advising Plaintiff to decline his right to a jury trial; (4) defending investigators who illegally kidnapped Plaintiff's children and tampering with eyewitness statements; and (5) "forcefully attempting to meet with [Plaintiff]" and deterring him from representing himself. (*Id.* at 4-5)

The complaint alleges that the judge overseeing Plaintiff's criminal case "attempt[ed] to derail and control [Plaintiff's] defense by allowing the government attorney to break the law repeatedly and forcefully [appointing a] malicious defense attorney" who "block[ed] [Plaintiff's] objections and timely pretrial defense[.]" (*Id.* at 5) The complaint further alleges that the judge in Plaintiff's criminal case engaged in "tampering, intimidation, corruption, and retaliation" by questioning Plaintiff's competence on several occasions. (*Id.* at 5-6)

Plaintiff asks this court to award him $500,000 in damages and bar Hazelhurst Vitrano LLC and the Federal Public Defenders' Office from participating in his criminal defense. (*Id.* at 7)

2

## II.     LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

## III.     DISCUSSION

Plaintiff's complaint challenges actions taken by court-appointed standby counsel and rulings made by the court in his criminal proceeding prosecuted in the District of Maryland. *See USA v. Turner*, Case No. 25-cr-352-ABA-1 (D. Md.). A civil suit under 42 U.S.C. § 1983 is not

3

the appropriate vehicle to challenge criminal charges, disqualify court-appointed defense counsel, appeal rulings made in a criminal proceeding, or request other forms of relief applicable to a criminal case. *See, e.g.*, *Perkins v. Heishman*, C.A. No. 23-1086-JLH, 2024 WL 2804956, at *2 (D. Del. May 31, 2024) (explaining that a Section 1983 suit is not the appropriate vehicle to challenge criminal charges brought in federal or state court proceedings).

### A.    The Government Is Immune from Suit.

The United States is immune from suit under the doctrine of sovereign immunity. *See Newman v. United States*, C.A. No. 22-516-RGA, 2022 WL 17555608, at *2 (D. Del. Dec. 9, 2022) ("It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity[,]" and such waiver "must be unequivocally expressed."). Consequently, I recommend that the court DISMISS Plaintiff's claims against the United States with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

To the extent that Plaintiff attempts to include the federal prosecutor and/or judge presiding over his criminal case among the defendants, I recommend that the court DISMISS Plaintiff's claims with prejudice. "A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings." *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted). Similarly, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* Plaintiff's

4

disagreement with judicial rulings in his federal criminal case in a different district does not state a plausible claim in the instant suit.

### B. Hazelhurst Vitrano LLC Is Not a State Actor.

Plaintiff's allegations against standby counsel Hazelhurst Vitrano LLC do not raise a federal civil claim for violation of the United States Constitution or federal statutes. *See* 28 U.S.C. § 1331. Moreover, the complaint does not allege that Hazelhurst Vitrano LLC is a state actor, which is a necessary element for claims brought under 42 U.S.C. § 1983. *See Smith v. Springhill Suites*, C.A. No. 22-323-RGA, 2022 WL 1443944, at *2 (D. Del. May 6, 2022) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### C. Claims under 18 U.S.C. §§ 1512, 1623, and 3489

Plaintiff alleges violations of several criminal statutes in support of this civil action. These allegations are "based on an indisputably meritless legal theory[.]" *LoCurto v. NYU Langone Lutheran Hosp.*, 758 F. Supp. 3d 31, 36-37 (E.D.N.Y. 2024) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)). Plaintiff has no standing to bring a civil cause of action under a criminal statute. *Id.*; *see Allen v. Admin. Office of Pa. Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (concluding that a plaintiff who sought to impose criminal liability on state defendants lacked standing to proceed). Therefore, I recommend that the court DISMISS with prejudice Plaintiff's claims under 18 U.S.C. §§ 1512, 1623, and 3489 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i). *See Wemh v. Newport Police Dep't*, C.A. No. 21-1730-MN, 2022 WL 1046264, at *2 (D. Del. Apr. 7, 2022).

### D. Pending Motions

Having recommended that the court dismiss Plaintiff's claims with prejudice, I further recommend that the court DENY as moot Plaintiff's pending motion for temporary restraining order, (D.I. 6), and motion for preliminary injunctive relief, (D.I. 8).

## IV.   CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.      The Report and Recommendation issued on April 14, 2026 is **ADOPTED.**

2.      Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

3.      The pending Motion for Temporary Restraining Order, Preliminary Injunction, and Release from Detention (D.I. 6) and Motion for Preliminary Injunctive Relief (D.I. 8) are **DENIED as moot.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: April 14, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7