**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID TURNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and HAZELHURST VITRANO LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-155-GBW-SRF |

## REPORT AND RECOMMENDATION

Plaintiff David Turner ("Plaintiff"), an inmate at the Chesapeake Detention Facility in Baltimore, Maryland, filed this action on February 10, 2026. (D.I. 1) He appears *pro se* and has paid the filing fee. The court reviewed and screened the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A in a Report and Recommendation dated April 14, 2026, recommending that the complaint be dismissed with prejudice. (D.I. 9) Plaintiff timely filed objections to the Report and Recommendation, which remain pending. (D.I. 10) At present, there are four motions pending in this case, including a motion for recusal of the undersigned judicial officer, which was filed on October 29, 2026. (D.I. 6; D.I. 8; D.I. 14; D.I. 15) I recommend that the court address the dispositive motions in the manner set forth at Section II.A, *infra*. Rulings on the non-dispositive motions are set forth at Section II.B, *infra*.

## I. BACKGROUND

Plaintiff names as defendants the United States of America and Hazelhurst Vitrano LLC, a law firm that served as standby counsel for Plaintiff in his federal criminal case in Maryland. Plaintiff alleges that he was not served with a copy of a motion for extension of time filed by the government in his criminal case, nor was he served with the court's order granting the government's motion to extend. (D.I. 1 at 2) During a status hearing on December 17, 2025, the government represented it served a copy of the motion to extend time on Plaintiff and recited the certified mail delivery confirmation. (*Id.* at 3) Nonetheless, Plaintiff maintains that he did not receive a copy of the motion to extend time in violation of 18 U.S.C. § 1512, a criminal statute which prohibits tampering with a witness, victim, or informant. (*Id.*)

According to Plaintiff, counsel from Hazelhurst Vitrano LLC also "deliberately sabotag[ed]" his defense by not sending him a copy of the motion to extend and advising him not to speak about the motion during the hearing on December 17, 2025. (*Id.* at 2-3) Plaintiff asked the judge presiding over his criminal case to strike Hazelhurst Vitrano LLC's standby representation during a hearing on January 16, 2026, and Plaintiff's request was denied. (*Id.* at 3) The complaint also alleges the following misconduct by Hazelhurst Vitrano LLC: (1) receiving and reviewing discovery on Plaintiff's behalf instead of allowing Plaintiff to review the discovery independently; (2) threatening to recommend that Plaintiff receive the death penalty in violation of 18 U.S.C. § 1623; (3) advising Plaintiff to decline his right to a jury trial; (4) defending investigators who illegally kidnapped Plaintiff's children and tampering with eyewitness statements; and (5) "forcefully attempting to meet with [Plaintiff]" and deterring him from representing himself. (*Id.* at 4-5)

The complaint alleges that the judge overseeing Plaintiff's criminal case "attempt[ed] to derail and control [Plaintiff's] defense by allowing the government attorney to break the law repeatedly and forcefully [appointing a] malicious defense attorney" who "block[ed] [Plaintiff's] objections and timely pretrial defense[.]" (*Id.* at 5) The complaint further alleges that the judge in Plaintiff's criminal case engaged in "tampering, intimidation, corruption, and retaliation" by questioning Plaintiff's competence on several occasions. (*Id.* at 5-6)

Plaintiff asks this court to award him $500,000 in damages and bar Hazelhurst Vitrano LLC and the Federal Public Defenders' Office from participating in his criminal defense. (*Id.* at 7)

## II. DISCUSSION

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive matters pending before the Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). If a party files a timely written objection to a Magistrate Judge's Report and Recommendation within fourteen days of its issuance, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A district court may also refer non-dispositive motions to a Magistrate Judge for adjudication. Under Rule 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

On March 11, 2026, the district judge assigned to this action referred the case to the undersigned judicial officer "to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b) and any further Order of the

Court." (D.I. 4) The court addresses the pending dispositive and non-dispositive motions in accordance with the foregoing legal standards and the referral order.

### A. Recommendations for Case Dispositive Motions under Rule 72(b)

Having recommended that the court dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e) in the Report and Recommendation issued on April 14, 2026, (D.I. 9), I further recommend that the court TERMINATE the following dispositive motions as moot based on the recommended dismissal with prejudice or, alternatively, DENY the motions for the reasons set forth in the chart below:

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 6 | 3/13/2026 | Motion for Temporary Restraining Order / Preliminary Injunction | - MOOT per Report and Recommendation at D.I. 9.<br>- Plaintiff seeks a release from detention in Maryland state prison. The abstention doctrine, as defined in *Younger v. Harris,* 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. Plaintiff has not established that he lacks adequate state court remedies to seek the requested relief in the pending criminal case against him.<br>- There is no relationship between Plaintiff's motion for release from detention and the pleaded allegations regarding the appointment of standby counsel. "[T]here must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir. 2015). |
| D.I. 8 | 3/20/2026 | Motion for Preliminary Injunction | - MOOT per Report and Recommendation at D.I. 15. |

**B. Orders on Non-Dispositive Motions under Rule 72(a)**

Plaintiff's non-dispositive motions are DENIED for the following reasons:

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 14 | 8/24/2026 | Motion for Ruling on All Pending Motions | MOOT per the instant Report and Recommendation to resolve all pending motions. |
| D.I. 15 | 10/29/2026 | Motion for Recusal | See below for analysis. |

Plaintiff's motion for the recusal of the undersigned judicial officer pursuant to 28 U.S.C. § 455 is DENIED. (D.I. 15) Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at § 455(b)(1).

Plaintiff contends that the recommended dismissal with prejudice is legally erroneous for various reasons. (D.I. 16) Plaintiff's objections to the court's legal conclusions do not support recusal because "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* In this instance, Plaintiff filed objections to the court's Report and Recommendation. (D.I. 19; *see also* D.I. 25) The district judge will consider Plaintiff's objections and review the Report and Recommendation *de novo*. Plaintiff's objections are not grounds for recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."); *Garces v. Epic Pain Mgmt./Express Pain & Urgent Care*, 2025 WL 2182459, at *2 (W.D. Tex. June 25, 2025).

## III. CONCLUSION

For the reasons discussed above, I recommend that the court ADOPT the Report and Recommendation (D.I. 15) and TERMINATE all pending dispositive motions in this case as MOOT or, alternatively, DENY the motions for the reasons set forth at Section II.A, *supra*. (D.I. 6; D.I. 8) This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.

Plaintiff's non-dispositive motions are DENIED. (D.I. 14; D.I. 15) The rulings on Plaintiff's non-dispositive motions are filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).

Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(a)-(b). The failure of a party to object to recommendations on dispositive motions may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The failure of a party to object to rulings made on nondispositive motions may result in the loss of the right to appellate review. *See United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 2, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE